ANN J. HANEY, Secretary Department of Regulation and Licensing
You request my opinion on a number of matters regarding police officers who work part-time as security guards.
In your letter you refer my attention to a letter from a Wisconsin-based security agency, wherein it is stated: "We are requesting that your legal department make a firm ruling on the legality of police officers working as security officers without first obtaining a guard permit, which then requires them to be with an agency."
I refer you to sec. 440.26(1), Stats., which states, among other things, that no person may act as a private security person or perform any other type of service or investigation as a private security person, without first filing an application and the necessary bond or liability policy with the department and being issued a license or a permit under this section. Section440.26(8), Stats., provides penalties for a violation of this section. Exemptions to sec. 440.26, Stats., are provided in that section and in the Wisconsin Administrative Code. Section 440.26
(5), Stats., reads in pertinent part:
 (5) Exemptions; Private Security Permit. This section does not apply to any person employed, directly or indirectly by the state or municipality as defined in s. 345.05(1)(a), or to any employe of a railroad company under s. 192.47, or employes of commercial establishments, who operate exclusively on their premises. An employe of any licensed agency doing business in this state as a supplier of uniformed security personnel to patrol exclusively on the private property of industrial plants, business establishments, schools, colleges, hospitals, sports stadiums, exhibits and similar activities are [sic] exempt from the licensing requirements of this section while engaged in such employment, *Page 227 
if the person obtains a private security permit under this section.
Section RL 3.01(8)(b) Wis. Adm. Code reads:
 (b) The following are not private detectives within the meaning of these rules:
 1. A person who, by virtue of his occupation, is explicitly exempted by law from having to obtain a private detective license;
 2. A person who is employed exclusively and regularly by one employer, in connection with the affairs of such employer only, where there exists an employer-employe relationship, unless the employer is required by law to obtain an agency license.
Under these sections, no person may work as a private security person unless he obtains either a private detective license or a private security permit, or falls under one of the above exemptions.
There is no exemption from the licensing requirements of sec.440.26, Stats., for police officers who work second jobs as security persons in the private sector. In sec. 440.26(5), Stats., the Legislature has exempted publicly employed investigative and security personnel, while working in their public capacities, from private licensing requirements. Therefore, state and municipal employes may work as investigative and security personnel for the state or municipality, in connection with public matters and in the discharge of their official public duties, without regard to sec. 440.26, Stats., requirements.
The answer to your questions is, therefore, that police officers working in the private sector as security personnel are to be treated no differently than other persons, and therefore must comply with the licensing requirements of sec. 440.26, Stats.
You also ask five specific numbered questions, the first of which reads:
 Question 1 — Does a police officer working full time for a governmental agency, and taking a second job on his own as a security officer in the private sector, fall within the parameters of "exclusively and regularly" of this section? [Section RL 3.01
(8)(b)2. Wis. Adm. Code.] *Page 228 
Since I have concluded that police officers working in the private sector must comply with the requirements of sec. 440.26, Stats., and therefore also with the concomitant code regulations, the answer to this question is the same whether or not the person in your hypothetical situation is a police officer. SectionRL 3.01(8)(b)2. Wis. Adm. Code, when read together with the relevant portion of sec. 440.26(5), Stats., means that a person is not a "private detective" under the rules if he works, as an employe, exclusively on the premises of and regularly for one employer, who is not in the private security industry. Therefore, any person may take a second job as a security officer in the private sector, and not become a "private detective" under the rules, if that person works exclusively and regularly on his part-time employer's premises.
 Question 2 — If the answer to Question 1 is yes, can he then be employed in his security officer's job within the area he is sworn to protect in his primary job as a police officer?
Private detectives and detective agencies and their agents, licensed pursuant to sec. 440.26, Stats., are not restricted geographically within the boundaries of the state. Certain employes of such agencies, under sec. 440.26(5), Stats., are, pursuant to guard permits, limited to patrol work on certain designated property. 61 Op. Att'y Gen. 421 (1972). Therefore, private detectives may work anywhere within the state, and private security persons, holding permits under sec. 440.26(5), Stats., may work on any such designated private property within the state. Within the section RL 3.01(8)(b)2. Wis. Adm. Code exemption, there is no geographic restriction, if that section is strictly complied with.
 Question 3 — Can a police officer, or any other person who works as a security officer in the private sector, work for more than one employer, either full or part time, as a security officer? (Example: police officer works for Company A as a security officer, and will also on occasions work for Company B and Company C.)
The answer is yes, since neither the Wisconsin Statutes nor the Wisconsin Administrative Code restricts the number of employers a private security employe, within the sec. 440.26(5), Stats., exemption, may work for, either consecutively or concurrently. When a person holds more than one security job, however, the Department may *Page 229 
require individual permits as to each employer. Furthermore, in such a situation, the section RL 3.01(8)(b)2. Wis. Adm. Code exemption, would not apply. It should also be noted that private detectives, under section RL 3.28 Wis. Adm. Code, may not be licensed to more than one agency at the same time.
 Question 4 — If your answer to Question 1 is yes, can the police officer working in the private sector as a security officer legally carry a weapon?
 Question 5 — If your answer to Question 4 is yes, what are the requirements, if any, for the police officer to work in the private sector as a security officer, while armed, in an area that is outside the area of the municipality where he is employed?
Section RL 3.40 Wis. Adm. Code prescribes requirements for principals or employes of agencies to carry firearms or dangerous weapons while on duty. This includes compliance with sections RL 3.41, RL 3.42 and RL 3.43 Wis. Adm. Code. Compliance must also be had with Wisconsin law prohibiting the carrying of a concealed weapon, sec. 941.23, Stats., and any local ordinance of the specific municipality involved. Those persons who work within the section RL 3.01(8)(b)2. Wis. Adm. Code exemption, while they do not fall within the purview of section RL 3.40, et seq., must also comply with Wisconsin and local law.
If a police officer is a principal or agent of an agency, he must adhere to the requirements in chapter RL 3 Wis. Adm. Code. If a police officer, or any other person, falls under the sectionRL 3.01(8)(b)2. Wis. Adm. Code exemption, chapter RL 3
restrictions do not apply, but local ordinances may govern. Subject to some particular restrictions, including municipal ordinances, mere possession of a non-concealed weapon is not a crime in Wisconsin.
The answer to questions four and five may vary, therefore, depending upon the circumstances of the situation and the local ordinances. Since there is no geographic restriction on those persons working within the section RL 3.01(8)(b)2. Wis. Adm. Code exemption, those persons who qualify thereunder, whether police officers or otherwise, must look to local authorities within the area they wish to work for guidance on specific local weapons restrictions.
BCL:MMM *Page 230